IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTA HAYBURN | : |
| | :    CIVL ACTION |
| -vs- | : |
| | :    NO. 11-cv-6673 |
| CITY OF PHILADELPHIA, et al. | |

**PLAINTIFF'S OPPOSITION TO THE DEFENDANTS'**
**MOTION TO SET-ASIDE THE ENTRY OF DEFAULT**

Plaintiff by and though her counsel moves the Court to deny the Defendants motion to set-aside the default, and Plaintiff replies on the law, facts and argument found in the Memorandum of Law that accompanies this response.

1. Admitted.

2. Admitted.

3. Admitted. However, an agreement was reached at the time of service, and the agreement was approved by the Court, which Agreement thus Court Order required the Defendants to answer or otherwise respond to the Complaint no later than February 14, 2012. The Defendants did not answer or otherwise respond by February 14, 2012 nor did they for another ten (10) days. In fact it was on February 28, 2012 that the Defendant filed the instant motion; they have not presented with the motion a proposed Answer. The Defendants also have not presented with their motion an excusable reason for not answering or defending against the claims by the date certain.

4. Admitted.

5. Admitted.

6. Admitted.

7. Denied. The time that has passed is significant, in fact it is about three months, which was a significant time for the Defendants to investigate the claims and facts stated in the Complaint, then fashion either an Answer and defenses or a Motion under Rule 12b. The defendant's waist of the

time and at the expense of the Plaintiff to move the case to trial. Further, the time of the events is no recent, thus as further time passed the likelihood of memories fading increases, so the Defendants' unauthorized furtherance of the already extension of time just furthers the prejudice to the Plaintiff to obtain evidence from a witness.

    8.   Denied. The Rule of Law requires a defendant to show it has a meritorious defense to the claims; the Law does not allow mere argument to establish a meritorious defense to the claims. Here, the defendants have not in the moving paper, where such proof is required to be placed, shown a single merits defense. The Defendants have been not cited to a single defense. As for the motion to dismiss, the Defendants lack the ability to file the motion, because they are in default. The Defendant must present an Answer and show through the Answer the existence of a meritorious defense, with facts, and in the Motion show excusable neglect and that prejudice will not result to the Plaintiff if the court sets aside the default. The Defendants have failed on all fronts. The Defendants' motion to dismiss is a nullity and not before the Court; ergo, the Court may not examine the motion in support of the instant motion and Plaintiff is not required to reply to the motion.

    9.   Denied. It is only the Defendants and their counsel that is culpable here. The Defendants appeared in this action by and through counsel. Their counsel negotiated a generous extension of time to investigate the facts and claims and then to either answer or otherwise response. The Defendants and Plaintiff through their counsel set forth an agreement in writing, presenting the agreement and writing to the Court, and the Curt approved the agreement, in writing. The agreement and is terms all appear in the public record. It is only the Defendants and their counsel that did not fulfill the agreement term to answer or otherwise responded by February 14, 2012. To allow the failure to answer to be excusable, and with an additional Ten Days of the time to answer, will make other agreement with a defendant of the City and their counsel impossible. To excuse the omission here of the Defendants to answer or respond will adversely affect the practice of law and court's business, because, as said, the City could not be trusted to abide by the agreements.

10. Denied. The interest of justice does not require the default be set aside. Rather, justice seeks to expedite litigation to trial and to not reward dilatory conduct of a Defendant and its counsel. The bald assertion by the Defendants of an interest in justice is absurd. As said, the Law does not favor a defendant that does not defend an action when the defendants is given a generous additional amount of time to defend or to Answer with defenses or file a timely motion to dismiss. Here, the Defendants have only been dilatory, willful, and acting in bad faith.

WHEREFORE, the Plaintiff prays the Court not set-aside the default and rather follow its March 31, 2011 decision in *Richard Checchia And Stanley Dawejko v. Stanley Dawejko, City Of Philadelphia, Charles Ramsey, and Officer Thomas Schaffling* (10-cv-1531)(Doc # 22) to not set aside a default (**AND NOW**, this ___ of March 2011, upon consideration of Defendant Thomas Schaffling's Motion to Open and Vacate Entry of Default (Doc. 13), Plaintiffs' Response in Opposition to Defendant Schaffling's Motion to Open and Vacate Entry of Default (Doc. 14), and Defendant's Reply thereto (Doc. 15), **IT IS HEREBY ORDERED AND DECREED** that Defendant Thomas Schaffling's Motion to Open and Vacate Entry of Default is **DENIED.**).


    ECF SIGNATURE    BMP3198    /s/
                                    **Brian M. Puricelli**
                                    Brian M. Puricelli
                                    Attorneys for Plaintiff

Law Offices of Brian Puricelli
691 Washington Crossing Road
Newtown PA 18940
(215) 504-8115
puricellib@gmail.com