IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

CHRISTA HAYBURN                     :
                                    :        CIVL ACTION
   -vs-                             :
                                    :        NO. 11-cv-6673
CITY OF PHILADELPHIA, et al.

**PLAINTIFF'S MEMORANDUM SUPPORTING THE OPPOSITION
TO THE DEFENDANTS'
MOTION TO SET-ASIDE THE ENTRY OF DEFAULT**

I. STATEMENT OF THE CASE AND PROCEDURAL HISTORY

On October 25, 2011 the Plaintiff initiated this case under 42 U.S.C. §1983 against Defendants City of Philadelphia, Charles Ramsey and others seeking redress for the extraordinary misconduct of the defendants, which included condoning a sexual assault on the Plaintiff and rewarding the actor (a high ranking superior of the Police Department). Plaintiffs promptly served the complaint on all defendants through the City of Philadelphia Law Department. On November 23, 2011 the City of Philadelphia Law Department entered into an agreement with the Plaintiff for more time to investigate the claims and either answer or "otherwise respond". The City Law Departments promise was reviewed by the Court and the Court approved the additional time, and City Law Department promise to "answer or otherwise respond by February 14, 2012." A copy of the Court's approval of the stipulation is marked as Exhibit "A" and incorporated from the Record (Doc # 6). The Defendants failed to plead or otherwise defend against the Complaint within the time allowed plus an additional ten (10) days; this Court properly entered a Default against the Defendants on February 27, 2011 or nearly two weeks after the additional near ninety additional days to answer.

Fed. R. Civ. P. 55(a) provides that "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

1

Despite the generous additional time that was provided to the Defendants, plus even more time on top, the Defendants flagrant and willful failure to respond to the Complaint within the allotted time, they moves now, after the Entry of Default, for this Court to set aside the Default and even to dismiss them; albeit, the Defendants argue the court favors litigating the merits but the argument is made while the Defendants attempt to not litigate the merits of the Plaintiff's claims.

In a disingenuous effort to excuse the Defendants' failure to respond, the Defendants argue they have meritorious defenses; however, not one defense is mentioned by the Defendants and there is no factual proof presented by the Defendant to show the existence of a meritorious defense. Secondly, the Defendants suggest that they were not culpable for the Default; however, the Defendants offer no proof for not answering within the time allotted to do so. The Defendants are silent too of any justification to vacate the Default. The Defendants attribute the willful conduct to a "mistake" of counsel however the Defendants do not explain how the mistake occurred.

Finally, the Defendants have utterly failed to show that they have any chance of bringing a meritorious defense against the Complaint. Defendants offer only conclusory statements in a brief about alleged meritorious defenses; parenthetically, the Defendants' contention of having meritorious defenses is completely unsupported by any evidence.

As the Defendant cannot prevail on the Plaintiff's claims, it would be unjust to subject the Plaintiff to expend significantly more time and resources in this case, particularly where the blame for the Defendants' failure to respond to the Complaint or otherwise respond rests entirely on the Defendants and their counsel's shoulders.

Therefore, the Defendants'' motion should be denied.

## II. LEGAL STANDARD

A court may set aside an entry of default for "good cause shown." Fed. R. Civ. P. 55(c). In determining whether such good cause has been shown, "a district court must consider

2

1) Whether the plaintiff will be prejudiced; 2) whether the defendant has a meritorious defense; and 3) whether the default was the result of the defendant's culpable conduct." <u>Miles v. Aramark Correctional Services at Curran Fromhold Correctional Facility,</u> 236 Fed. Appx 746, 751 (3d Cir. 2007) (citation omitted).[1]

III. ARGUMENT

A. *Defendants' default was the result of willful and bad faith efforts constituting culpable conduct.*

In evaluating a motion to vacate a default, a court must determine whether the default was the result of culpable conduct on the part of the Defendants and/or their counsel. "Culpable conduct means actions taken willfully or in bad faith. Culpable conduct can be inferred when a defendant exhibits reckless disregard for repeated communications from either the plaintiff or the Court." <u>Ewing & Kreiser, P.C. v. Stephens,</u> 2009 WL 1183347, *4 (E.D. Pa. 2009).

In this case there is evidence of willful conduct by the Defendants and their counsel. It is evident that each Defendant through their counsel received service of the Complaint. There is an Acceptance of Service for each Defendant that is of record and there is also a Stipulation entered into by the Defendants' counsel, for more time that is of Record and approved by the Court.

The Defendants do not dispute that each received the Complaint — there is mere argue that the Defendant are not culpable for the Default or failure to not answer. However, as this Court is well aware, the negligence of counsel is not a basis to set aside a default.

The Defendants attempt to mitigate the blame for their failure to answer the Complaint. The Defendants allege at page 9 of the brief, though argument and no affidavit, that "the failure to answer was "a mistake of counsel."  However, as this Court knows, though a "mistake" may be a ground for or justification for the relief the Defendants seek the "mistake must be shown to be excusable. *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 244 (3d Cir. 1951)(an entry for **default** may be set

aside if the conduct was a mistake resulting from excusable neglect. Fed. R. Civ. P. 60(b)(1)). In *Tozer*, the Court of Appeals reversed the District Court and held that even though the defaulting party's registered agent was served correctly, its failure to answer was excusable because the agent never received notice of the action due to a series of miscommunications and misunderstandings. Id. at 244-46. Here there were no miscommunications; rather, there was a court approved stipulation that informed the Defendants and their "agent" to answer no later than February 14, 2012.

The Defendant made no attempt to account for the failure to answer. There is no conclusion that can be drawn here except that the Defendant did nothing for several months to investigate the claims and prepare an answer or motion even though the Defendants were aware of the plaintiffs' suit. This conduct goes beyond mere negligence — it is reckless at best, though more likely willful and in bad faith.

Now, the Defendants urges this court to forgive his delay and they do so by attempting to shift blame on the Plaintiff, somehow, and make the Plaintiff show prejudice. However, as even the Defendants' own motion makes clear, the fault for Defendant's failure to answer rests squarely upon their own shoulders. Defendants' conduct is inexcusable, willful, and in bad faith. The default was clearly the result of the Defendants own culpable conduct.

B. *Plaintiffs will be prejudiced if the default is set aside.*

A court must consider whether vacating the default will prejudice the non-defaulting party. The court may so find if it determines that the party's "ability to pursue the claim has been hindered" by a "loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." Feliciano v. Reliant Tooling Co., Ltd. 691 F.2d 653, 657 (3d Cir. 1982).

Here, plaintiffs' ability to pursue the claim against each Defendant has been hindered because there has been a passing of a substantial or significant of time. It is unclear why the Defendant believe that waiting 28 days *after* the deadline to answer constitutes behavior that can be excused

by the Court when the Defendants were given an additional 90 days to answer before the additional 29 days. The prejudice plaintiff suffers goes far beyond that which would result from a short or mere delay, the plaintiffs to substantially rely on moving the case and within the 90 days the Defendants requested.

Furthermore, the Defendants' delay has resulted in an increased potential for fraud or collusion. As the Eastern District has recognized, stalling discovery for a significant amount of time affects a plaintiff's ability to obtain the truth through discovery. In Titus v. Smith, 51 F.R.D. 224, 227 (E.D. Pa. 1970), the Court determined that the plaintiff had suffered prejudice in a default case, noting that: "As time passes, memories fade and documents are lost or destroyed. As the accessibility to the truth through discovery decreases, the opportunity for fraud and collusion increases." Specifically, in this case, by delaying the response after the filing of the complaint, the Defendants have avoided making any statement regarding the incident that is the subject of the Complaint and they have increased the opportunity to form a collusive defense. The Plaintiff gave the Defendant ample time to answer and now there is ample time that has been wrongfully taken for the Defendants to develop a consistent, if fabricated, response. The result is the inescapable conclusion that vacating the default at this point would prejudice the plaintiffs, on the grounds of increased potential for fraud or collusion. This factor, therefore, tilts heavily in plaintiffs' favor.

C. *Defendant has no meritorious defense.*

Finally, when reviewing a party's motion to vacate a default, a court must determine whether the party has put forth a meritorious defense. "The showing of a meritorious defense is accomplished when allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." U.S. v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984). As the Court has recognized, "while this Court is required to assume the validity of a defendant's factual

5

claims, a defendant's simple denials or conclusory statements are simply insufficient to establish a meritorious defense." Ewing & Kreiser, P.C., 2009 WL 1183347 at *2 (citation omitted). Furthermore, "[d]efault judgments cannot be set aside simply because of a lawyer's artistry in offering ambiguous conclusions." $55,518.05 in U.S. Currency, 728 F.2d at 198. Rather a Defendant must demonstrate that it has a meritorious defense through the allegation of specific facts. *$ 55,518.05 in U.S. Currency*, 728 F.2d at 197. A meritorious defense is one that "if established on trial, would constitute a complete defense to the action." *Id.* at 195. The alleged facts "must go beyond a general denial so that the court has some basis for determining whether the defendant can make out a complete defense." *Rosen v. Omega Builders, Ltd.*, 940 F. Supp. 115, 119 (E.D. Pa. 1996) *citing $ 55,518.05 in U.S. Currency*, 728 F.2d at 195.

In order to determine whether the defendant's answer would constitute a complete defense, the court must review the Complaint. Plaintiffs allege that each Defendant violated her rights under the First, Fourth and Fourteenth Amendments to be free from the a taking of her property without adequate or laid due process of law, and for terminating her form her employment because she litigated against the government (Compl. Counts I , II, and II) These violations stem from the violent and unjustified sexual assault too that Plaintiff reported and thereafter filed employment discrimination charges for. (Id. ¶¶ 47-96.).

The Defendant have not filed a proposed Answer or even given a simple denial on the allegations. Rather they move to dismiss the claims under civil procedural 12(b)(6) and argument there is no "plausible claim" that can be asserted even with Discovery. Such a motion is not envisioned by the law as a way to set-aside a default. Rather the Law requires an Answer and for the Defendant to present proof of a "meritorious defense" to the claims. The simple argument here to deny the defendant the relief they seek is — even assuming that all what the defendant argue, there is

6

absolutely no justification for the use of force against the plaintiff and to retaliate against her for

opposing the retaliatory act of ending her disability benefits for the on duty injury. Thus, even if

we were to accept the naked arguments of the Defendant, the allegations in the Motion brief would

not constitute a showing of a meritorious (complete) defense to the action. The Defendants have not

shown the existence of a meritorious defense.

CONCLUSION

      For the foregoing reason, law and argument, the Defendants' Motion to Set-Aside the Default

is properly DENIED.

                    ECF SIGNATURE    BMP3198              /s/
                                              *Brian M. Puricelli*
                                            Brian M. Puricelli
                                            Attorneys for Plaintiff

Law Offices of Brian Puricelli
691 Washington Crossing Road
Newtown PA 18940
(215) 504-8115
puricellib@gmail.com

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

CHRISTA HAYBURN                          :
                                         :         CIVL ACTION
   -vs-                                  :
                                         :         NO. 11-cv-6673
CITY OF PHILADELPHIA, et al.

ORDER

    AND NOW, this      day of      , 2012, upon consideration of the Plaintiff's opposition

to the Defendants' Motion to Set-Aside the Default, it is ordered the motion is DENIED.

BY THE COURT

_____
Hon. Patrese B. Tucker
United States District Judge

CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing document has this  13TH day of MARCH, 2012, been filed electronically and is available for viewing and downloading on the ECF System: Served with the document by ECF were:

NICOLE  S. MORRIS, ESQ.
Deputy City solicitor
City Law Department
Labor and Employment
1515 Arch St. 16th Flr.
Philadelphia PA 19102

ECF SIGNATURE      BMP3198                          /s/
                   *Brian M. Puricelli*
                   Brian M. Puricelli
                   Attorneys for Plaintiff

9