IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

CHRISTA HAYBURN                       :
                                      :    CIVL ACTION
     -vs-                             :
                                      :    NO. 11-cv-6673
CITY OF PHILADELPHIA, et al.          :


**PLAINTIFF'S MOTION FOR RECONSIDERATION AND TO AMEND WITH MEMORANDUM IN SUPPORT OF THE MOTIONS TO AMEND AND FOR RECONSIDERATION OF THE COURT'S AUGUST __ 2012 DECISION TO DISMISS**

MOTION

      Pursuant to Rule 15 of the Federal Rules for Civil Procedure and local civil procedural rule 7.1, and for the facts raised, law cited, and argument made in the below memorandum of law, the plaintiff respectfully moves for an a order that grants plaintiff relief to amend the complaint and also for reconsideration of the August __ 2012 order docketed as DOC 4 and 5 on August 7, 2012.

RELIVENT PROCEDURAL HISTORY AND FACTS

      This is a 1983 and Title VII civil action. The Defendants all appeared but for the Compservice defendants who remain in default. The City of Philadelphia defendants were afforded 90 days additional to answer or otherwise plead; they did not. Rather, the City defendants due to the negligence of the attorney failed to answer or otherwise plead; they the City defendants were defaulted. The Court granted the City defendants' motion to vacate the default, which motion was opposed by the Plaintiff, because mere negligence of counsel is not grounds to strike a default. The City defendants also did not answer the complaint; rather, they moved to dismiss, and part of the test to strike a default is to show meritorious defenses by facts. The Court on August 7, 2012 granted the City defendants' motion and thus dismissed nearly all

1

of the plaintiff's claims (Doc 14 and 15). Among the counts dismissed was the procedural due process claim.

For the below argument, law cited, and facts identified as pled in the Complaint, plaintiff respectfully moves for reconsideration of the order dismissing plaintiff's claims and/or leave to amend.

## STANDARD

Reconsideration

The Third Circuit has held that a motion for reconsideration will be granted only if the moving party can demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). Motions for reconsideration, however, should be granted sparingly "because courts have a strong interest in the finality of judgments." Douris v. Schweiker, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002) (quoting Cont'l Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995)); Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995) ("...reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court.").

Amendments – Fed.Civ. Proc. Rule 15.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires." FED.R.CIV.P. 15(a). "This liberal amendment philosophy limits the district court's discretion to deny leave to amend." *Binswanger*

*of Pennsylvania, Inc. v. Tru Serv Corp.*, 2003 U.S. Dist. LEXIS 9793, 2003 WL 22429059, at *4 (E.D. Pa. May 21, 2003). "[M]otions to amend pleadings should be liberally granted," *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir.2004), and "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust," *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006)(citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). "Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility." *Arthur*, 434 F.3d at 204; *see also Foman*, 371 U.S. at 182 ("In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given'"). However, in this Circuit prejudice to the non-moving party is the touchstone for denial of leave to amend. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993). "Unless the opposing party will be prejudiced, leave to amend should generally be allowed." *Charpentier v. Godsil*, 937 F.2d 859, 864 (3d Cir. 1991). "The denial of a motion to amend a complaint based on the movant's undue delay must be based on more than the mere passage of time." *Logan v. In-Ter-Space Services, Inc.*, Civil A. No. 07-0761, 2007 U.S. Dist. LEXIS 59632, 2007 WL 2343868, at *2 (E.D. Pa. Aug. 15, 2007).

## ARGUEMENT

The Court dismissed the due process claim (Doc 14 page 8). The claim is two-fold. One part of the claim involves the stoppage of ongoing benefits by a supersedeas or interruption of the benefits before a full hearing process is completed. The Seconds fold for the claim is premised on the theory that a stoppage of benefits occurred when the City sought an end of benefits without giving Hayburn notice and without giving the City's evidence so Hayburn

3

could meaningful oppose the second charge and have a meaningful opportunity to tell her side of the story. Plaintiff Hayburn submits reconsideration is warranted to correct a clear error of law or fact to prevent manifest injustice

The Court in dismissing the Due Process claim wrote solely about the second part of the due process claim. The Court wrote: "Due Process requires that a public employee be 'entitled to the notice of the charges against him … an explanation of the employer' evidence, and opportunity to present his side of the story'," (Doc 14 page 8). The Court further wrote, "The deprivation of an interest protected by the Due Process is not itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process." The Court reasoned that because Plaintiff was made to defend the un-noticed charge for stoppage of benefits and spoke at two hearing these facts did not state a plausible due process claim (id page 9). The Court noted that the plaintiff <u>has not asserted</u> she was not provided with a notice of her charge or an explanation of her employer's evidence concerning the charge (Doc 15 page 9). However, what the Court concluded is not correct, for at Paragraph 8 of the Amended Complaint the plaintiff pled the following:

> Plaintiff contends that Due Process requires meaningful notice of the basis to end benefits, and opportunity to present evidence on the basis to end the benefits. Here, **the Defendants did not provide meaningful notice of the basis to end benefits or to defend against the basis**. In that the Defendants did not allege until the closing of the record that a basis to end benefits was because Plaintiff remained injured and was unable to return to work, which basis ended Plaintiff's benefits. Originally the Defendants' basis to end benefits was a full recovery from the injury.

At Paragraph 45 the plaintiff pled her benefits were stopped without a full hearing process and a full completed hearing process is required before benefits can be stopped. The Plaintiff pled:

> There had been no full hearing on the merits of the Defendants petition to end benefits. In fact, Plaintiff had not even been afforded the opportunity to conduct discovery into the Defendants' evidence to be used to stop in part, whole or temporarily the benefits.

The following paragraph read:

> At the time of the Defendants first effort to interrupt Plaintiff Heart and Lung Benefits there was no appeal process (and no meaningful due process procedure, available to the Plaintiff to review an unconstitutional or illegal interruption of benefits.

At Paragraph 56, 57 and 77 it is pled:

> Heart and Lung benefits are statutory entitled, and under Commonwealth of Pennsylvania established case law at the time Plaintiff's benefits were stopped, the benefits are a protected property interest held by the Plaintiff; which property under established law at the time could be interrupted by Defendants Ramsey, City, Madden and CompServices **without first providing to the benefit recipient, here Plaintiff Hayburn, a full hearing process where the effort to interrupt benefits is decided after a complete due process hearing heard on all the merits, such as where all proofs of the parties is submitted, crossed examination of the proofs allowed, and the only remaining issue is the disposition.**
>
> Plaintiff **Hayburn's benefits** on or about December 2009, February 2011 and September 1, 2011 **were interrupted, modified, suspended and stopped** by the City, Ramsey, Madden, CompService Barbra _____, Jim and the Does **without Hayburn being afforded valid, adequate or meaningful Procedural and Substantive Due Process of Law**.
>
> There is no adequate remedy available to Hayburn to correct the procedural due process deprivation and to restore benefits in any meaningful time or manner, and to also compensate Plaintiff for the deprivation

These paragraph shows that the plaintiff had neither been afforded notice of the defendants' evidence nor an opportunity to present her side of the story.

Further, as pled, there is no adequate process in place to remedy a wrongful ending of the benefits. Ending of benefits requires under state law and the Fourteenth Amendment valid and meaningful procedural due process, which as identified by the Court included notice of the

5

charge, notice of the evidence, and an adequate hearing process where the person is provided a meaningful opportunity to oppose the evidence and present one's own evidence to keep the benefits . Also required is a fair minded natural decision maker. For Plaintiff, adequate and valid procedural due process was not afforded and her state entitled benefits (property) was deprived without valid procedural due process. The property was deprived under color of state law by the Defendants who use inadequate and invalid City created Heart and Lung process.

Respectfully Plaintiff submits that under the law relied on by the Court, and the fact no opportunity was afforded to Plaintiff to amend, the facts as pled do nudge beyond the line possibility to plausibility and show a plausible claim where relief is entitled for a deprivation under color of state law of procedural due process rights. If the Court disagrees, the Plaintiff moves to amend the Complaint to plead these facts.

Next, as said, there are two due process theories pled in the Complaint. The first involving benefits stoppage contrary to law by a supersedeas. This issue is not discussed or address by the Court in the decision for the dismissal of the due process claim. The second theory was discussed by the Court, which is the stoppage by a City through an un-served charge. Hayburn pled the charge and evidence was not provided before the requirement to defend was imposed on her. The Court addressed this theory but did not the first. The Court even mentions that the arbitrator stopped benefits and not the City. It remains thought that the theory concerning the unnoticed charge to stop benefits, which fact the Court seems to have missed, did not include an analysis whether the opportunity to tell Hayburn's side of the story was meaningful. As argued later in the brief, not having a meaningful opportunity to tell one's side of the story is not valid due process of law.

If so, Plaintiff respectfully submits an error of law and fact appear in the decision to dismiss the due process claim, which error warrant reconsideration.

Further, it appears that the Court did not take into account when dismissing the due process claim the second theory for the due process claim. And it remains that the complaint facts show the defendant City presented the "charge" but never satisfied two of the three due process requirements that the Court identified as necessary to satisfy due process of law. The two requirements not satisfied were: "notice of the charge [and] … an explanation of the employer's evidence."

As for the opportunity to present h[er] side of the story, or the third prong of a procedural due process claim, this element too was lacking in the process used to stop Hayburn benefits. The Court did mentioned this prong in the decision, and as met, however, the prong is not met, because the plaintiff although having two hearing to speak (Doc 14 page 8) it remains that the opportunity to speak was not meaningful. It was not meaningful to Hayburn because Plaintiff Hayburn, as pled in the complaint, did not have notice of the charge or an explanation of the evidence; ergo, speaking at the hearings was not meaningful, nor was the opportunity to present evidence.

The touchstone of due process is notice and opportunity to be heard. In *Goss v. Lopez*, 419 U.S. 565, 578-79, 95 S. Ct. 729, 42 L. Ed. 2d 725 (1975), the United States Supreme Court made clear that, "[t]he opportunity to be heard must be **meaningful."** See also, *Jarbough v. Attorney General of the United States*, 483 F.3d 184, 190 (3d Cir. 2007)(citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)) and see *Coulter v. E. Stroudsburg Univ.*, 2010 U.S. Dist. LEXIS 43866.  Meaningful implies that notice of the charge and notice of the evidence to be challenged must first be given before the

hearing is held and opportunity to speak provided. Here, there was no notice of the charge before the hearings where Hayburn was allowed to speak. There was no evidence from the City that was given to Hayburn, before she was allowed to speak. Accordingly, Hayburn was not afforded a meaningful opportunity to speak at the hearings. In fact, the City' effort to end interrupt with the unnerved charge resulted in a decision that came at the very hearing the charge was made. There was not two hearing for Hayburn to speak as indicated in the court's decision to dismiss the due process claim, before her benefits were interrupted.

Respectfully, Plaintiff submits she has stated a plausible claim for a due process violation and errors of law and fact were made by the Court, which error causes a manifest injustice towards Hayburn and her due process claim. If so, Plaintiff request the Court reconsider the decision to dismiss the due process claim; reverse, or allow the Plaintiff to Amend the Complaint.

Moving to another theory raised in the due process claim, which is the interruption of benefits with illegal process, the Court did not address this theory. However, it remains that it was pled.

Under Commonwealth law for Heart and Lung benefits to be interrupt in any way, or stopped, the law is and was then clearly established. The Law is that the benefit cannot as a matter of law be stopped or even interrupted in any way and not by a Supersedeas, which here was done and is pled. The Commonwealth's courts have said repeatedly that the Fourteenth Amendment Due Process clause bars such. See, *Gwinn v. Pennsylvania State Police*, 668 A.2d 611 (Pa. Cmwlth. 1995). An injured police officer receiving Heart and Lung Act benefits has a constitutionally protected property right in those benefits. Once it is determined that the police officer qualifies for *benefits* under the Heart and Lung Act, his or her disability status cannot be

changed from temporary to permanent unless a **"full"** due process hearing is afforded and <u>Heart and Lung Act</u> benefits could not be terminated without a full due process hearing *first* being conducted. *Callahan v. Pennsylvania State Police*, 494 Pa. 461, 431 A.2d 946 (1981).

Here the benefits were not only interrupted they were stopped. This fact was pled too and appears in the Complaint. It is pled that at no time was a "full" hearing afforded to officer Hayburn who was already entitled to the benefits. Paragraph 133 "Plaintiff as a result of the Defendants' acts, omissions and the disciplinary process was deprivation of the property and valid, meaningful and full due process of law." Accordingly, Plaintiff submits, because the due process claim is stated on two theories and the court addressed only one, but respectfully incorrectly, and the necessary facts to plead a plausible due process claim were pled, and because the law holds under the facts as pled a due process violation, Plaintiff respectfully request the court either reconsider and reverse the dismissal of the due process claim or allow the plaintiff to Amend the Complaint to add facts the Court deems needed.

As for the reference by the Court that it was the Arbitrator and not the City which ended the benefits, it cannot be forgotten that the City requested this relief, obtained it, and did so without Hayburn first being afforded valid meaningful or adequate procedural notice due process, fats too were pled as is shown above and by Paragraph 58, which reads as follows:

> Hayburn was ordered by the Heart and Lung Arbitrator to return to work; **the order to return was issued upon the request of the City, Madden, Ramsey, and CompServices. The request was done without notice to the Plaintiff by the City....**

The Supreme Court has ruled that "[t]he fundamental requirement of due process is the opportunity to be heard and it is an "opportunity which must be granted at a **meaningful** time and in a **meaningful** manner." *Parratt v. Taylor,* 451 U.S. 527, 540, 101 S. Ct. 1908, 68 L. Ed.

9

2d 420 (1981)[1] *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327, 328, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)(overruling *Parratt*'s holding that the Due Process Clause is implicated by negligent acts; *Daniels* holds that the Due Process Clause "is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property.").

Here, there was no meaningful manner or time provided to Hayburn. The City moved to interrupt the benefits at a hearing. The relief was given at that hearing. Hayburn was not given the City's evidence before the hearing or at the hearing. The arbitrator negligently acted on the City's intentional request to end Hayburn's wage heart and Lung benefits and there was only surprise to Hayburn by the City's application as there was when the Arbitrator gave the relief. All of Hayburn's Heart and Lung benefits came to an end without Hayburn ever receiving the City's charge, City's evidence or being afforded a meaningful opportunity to present evidence. As such, it is no moment that the arbitrator completed the action started by the City. The denial of due process notice and right to the evidence was by the City. The process started by the City ended Hayburn's benefits and did so without first affording plaintiff the due process of law she was entitled and guaranteed under law and the Fourteenth amendment. The fact the arbitrator of the city process acted negligently to grant the City the relief it sought with defective notice does not absolve the City of liability for a denial of notice and valid procedural due process.

It remains that Plaintiff was not provided a meaningful opportunity by the process the City controlled and started. The process as started by the City defendants was intentional and that process denied Hayburn a meaningful opportunity to challenge the City's charge to end benefits. The charge was not served on Hayburn nor was the City's evidence; ergo, these facts show there

---

[1] Emphasis added.

was not a meaningfully opportunity afforded to Hayburn to oppose the charge; Hayburn was not afforded a meaningful opportunity in time or manner to speak against the City charge.

Respectfully, because the City sought without notice and evidence presented to Hayburn before the relief was given to the City moments before the application, Plaintiff request the Court reconsider the dismissal of the Due Process claim, reverse the dismissal or allow Plaintiff to Amend the Complaint.

CONCLUSION

Because it appears error of fact and/or law was made, Plaintiff submits reconsideration of the dismissal order is proper. Because Plaintiff can plead facts if missed and has not amended the Complaint as of y and no prejudice can be shown by the defendants if an amendment is needed, Plaintiff submits it is proper under Rule 15 to allow the Plaintiff to amend the complaint.

                ECF SIGNATURE   BMP3198                    /s/
                *Brian M. Puricelli*
                Brian M. Puricelli
                Attorneys for Plaintiff

Law Offices of Brian Puricelli
691 Washington Crossing Road
Newtown PA 18940
(215) 504-8115
puricellib@gmail.com

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTA HAYBURN | : | |
| | : | CIVL ACTION |
| -vs- | : | |
| | : | NO. 11-cv-6673 |
| CITY OF PHILADELPHIA, et al. | : | |

ORDER

AND NOW, this _____ day of _____, 2012, upon consideration of the Plaintiffs motions for reconsideration of the August __, 2012 Order (Doc 4 and 5) and to Amended the Complaint, it is ORDERED the motions are granted. The Court will reconsider its decision to dismiss the 1983 due process claim for deprivation of procedural due process. The Court vacated that portion of the Order (Doc 4 and 5) and Plaintiff may file an Amended Complaint.

BY THE COURT:

_____
J.

CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing document has this 16TH day of AUGUST, 2012, been filed electronically and is available for viewing and downloading on the ECF System: Served with the document by ECF were:

NICOLE S. MORRIS, ESQ.
Deputy City solicitor
City Law Department
Labor and Employment
1515 Arch St. 16th Flr.
Philadelphia PA 19102


ECF SIGNATURE     BMP3198                                    /s/
                  *Brian M. Puricelli*
                  Brian M. Puricelli
                  Attorneys for Plaintiff